NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVE NAGY, | No. 18-16095 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-05309-HSG |
| v. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ORACLE AMERICA, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted February 12, 2020
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FEINERMAN,** District
Judge.

After being denied coverage for "any occupation" long-term disability

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

benefits, Dave Nagy brought this action against the Group Long Term Disability Plan for Employees of Oracle America, Inc. (the "Plan"), an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), and Hartford Life and Accident Insurance Company ("Hartford"), the insurer of long-term disability benefits under the Plan. The district court held a bench trial and entered judgment in favor of the Plan and Hartford. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     The district court evaluated *de novo* whether Nagy qualified for "any occupation" benefits. We review its findings of fact for clear error. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc) ("We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases. We review for clear error the underlying findings of fact.") (citation omitted).

2.     We cannot conclude that the district court clearly erred in finding that Nagy's condition did not render him unable to perform "an occupation in which [Nagy] could reasonably be expected to perform satisfactorily in light of [his] age, education, training, experience, station in life, and physical and mental capacity" from the period beginning December 12, 2013 (the "Any Occupation Period"). The district court's determination was supported by the fact that neither of Nagy's own treating physicians certified his disability during the Any Occupation Period,

and in fact provided "unremarkable accounts" of Nagy's condition; Nagy failed to demonstrate a continuing disability, having failed to present any medical treatment records for the first ten months of the Any Occupation Period; Nagy's contemporaneous medical records suggested that his complaints of disabling fatigue were opportunistic in nature; and three different medical reviews conducted by Hartford, and a fourth by the Social Security Administration, found that Nagy had the capacity to work in a sedentary occupation. The reasons provided by the district court do not leave us "with the definite and firm conviction that a mistake has been committed." *Boyd v. Bell*, 410 F.3d 1173, 1178 (9th Cir. 2005) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993)).

**AFFIRMED.**